IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ D.C.

05 SEP 30 AM 10:41

THOMAS M. GOULD
CLERK, US DISTRICT COURT
W/D OF TN, MEMPHIS

|  |  |  |
|---|---|---|
| VILLA L. THOMPSON, | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 05-2462-Ml/V |
| MEDTRONIC SOFAMOR DANEK, INC., et al., | ) | |
| Defendants. | ) | |

ORDER GRANTING LEAVE TO PROCEED <u>IN FORMA PAUPERIS</u>
ORDER DENYING APPOINTMENT OF COUNSEL
ORDER OF PARTIAL DISMISSAL
AND
ORDER TO ISSUE AND EFFECT SERVICE OF PROCESS

Plaintiff Villa L. Thompson filed a <u>pro se</u> complaint pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e <u>et seq.</u>, on June 28, 2005, along with a motion seeking leave to proceed <u>in forma pauperis</u>. Based on the information contained in the plaintiff's affidavit, the motion to proceed <u>in forma pauperis</u> is GRANTED. The Clerk shall record the defendants as Medtronic Sofamor Danek, Inc. and Freddie Marino.

The plaintiff has filed a motion seeking appointment of counsel. Two statutes authorize the district court to request or appoint counsel for an indigent Title VII plaintiff. Twenty-eight U.S.C. § 1915(d) provides that the "court may request an attorney

This document entered on the docket sheet In compliance
with Rule 58 and/or 79(a) FRCP on  10-3-05

(3)

to represent any such person unable to employ counsel."[1] Similarly, under 42 U.S.C. § 2000e-5(f)(1), "upon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney." However, "[t]here is no constitutional or . . . statutory right to counsel in federal civil cases." Farmer v. Haas, 990 F.2d 319, 323 (7th Cir. 1993). Generally, a court will only appoint counsel in exceptional circumstances. Willett v. Wells, 469 F. Supp. 748, 751 (E.D. Tenn. 1977). Although "no comprehensive definition of exceptional circumstances is practical," Branch v. Cole, 686 F.2d 264, 266 (5th Cir. 1982), courts resolve this issue through a fact-specific inquiry. Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). Examining the pleadings and documents in the file, the Court analyzes the merits of the claims, the complexity of the case, the pro se litigant's prior efforts to retain counsel, and her ability to present the claims. Henry v. City of Detroit Manpower Dep't, 763 F.2d 757, 760 (6th Cir. 1985); Wiggins v. Sargent, 753 F.2d 663, 668 (8th Cir. 1985).

As a general rule, counsel should be appointed in civil cases only if a litigant has made "a threshold showing of some likelihood of merit." Cooper v. A. Sargenti Co., 877 F.2d 170, 174

---

[1] However, "§ 1915(d) does not authorize the federal courts to make coercive appointments of counsel" to represent indigent civil litigants. Mallard v. United States Dist. Court, 490 U.S. 296, 310 (1989).

2

(2d Cir. 1989).[2] At this stage of the proceedings, before the Court has had the opportunity to assess the strength of plaintiff's case, the Court is unable to conclude that plaintiff has satisfied that standard. Moreover, a review of this complaint indicates that the case is not so complex that the Court should exercise its discretion to appoint counsel. Accordingly, the motion for appointment of counsel is DENIED.

The Court is required to screen in forma pauperis complaints and to dismiss any complaint, or any portion thereof, if the action—

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). One aspect of plaintiff's complaint is subject to dismissal.

There is no remedy under Title VII against a co-worker or supervisor in his or her individual capacity. Wathen v. General Electric Co., 115 F.3d 400, 405 (6th Cir. 1997). Accordingly, the Court DISMISSES the complaint against defendant Marino, pursuant to

---

[2] The Second Circuit elaborated: "Courts do not perform a useful service if they appoint a volunteer lawyer to a case which a private lawyer would not take if it were brought to his or her attention. Nor do courts perform a socially justified function when they request the services of a volunteer lawyer for a meritless case that no lawyer would take were the plaintiff not indigent." Id.

3

28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim on which relief may be granted.

It is ORDERED that the Clerk shall issue process for the remaining defendant, Medtronic Sofamor Danek, Inc., and deliver said process to the marshal for service. A copy of this order shall be served on the defendant along with the summons and complaint. Service shall be made on the defendant pursuant to Fed. R. Civ. P. 4(h)(1). All costs of service shall be advanced by the United States.

It is further ORDERED that the plaintiff shall serve a copy of every additional document filed in this cause on the attorney for the defendant, or on the defendant if no attorney has been retained or appointed. The plaintiff shall make a certificate of service on every document filed. The plaintiff shall familiarize herself with the Federal Rules of Civil Procedure and this Court's Local Rules.

The plaintiff shall promptly notify the Clerk of any change of address or whereabouts. Failure to comply with these requirements, or any other order of the Court, may result in this case being dismissed without further notice.

IT IS SO ORDERED this 30 day of September, 2005.

JON PHIPPS McCALLA
UNITED STATES DISTRICT JUDGE

4

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 3 in case 2:05-CV-02462 was distributed by fax, mail, or direct printing on October 3, 2005 to the parties listed.

---

Villa L. Thompson
4069 Longhollow Drive
Memphis, TN 38128

Honorable Jon McCalla
US DISTRICT COURT